[Docket No. 20]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| KIMBERLY T.,[1] <br><br>      Plaintiff, <br><br>   v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>      Defendant. | Civil Action No. 20-7253 (RMB) <br><br><br> **MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

Plaintiff Kimberly T., by and through her attorney Adrienne Freya Jarvis, Esq. ("Counsel"), moves for an award of attorney's fees under Section 406(b) of the Social Security Act (the "Act"). 42 U.S.C. § 406(b). Counsel represented Plaintiff before this Court in an appeal of an unfavorable determination of the Social Security Administration (the "SSA"), as well as on remand before the SSA, pursuant to a contingent fee agreement dated May 26, 2020. [Fee Agreement (Docket No. 21-1).] Pursuant to that agreement, Plaintiff agreed that Counsel would receive 25% of any past due disability benefits awarded by the SSA after her appeal to federal court.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts should refer to plaintiffs in social security disability cases by only their first names and last initials given the significant privacy concerns in these matters. *See also* D.N.J. Standing Order 2021-10.

In November 2025, the SSA awarded Plaintiff roughly eleven years of past due disability benefits in the amount of $97,638.72, with ongoing monthly benefits for as long as she remains disabled. [Pl.'s Br. at 2 (Docket No. 21); Notice of Award (Docket No. 21-2).] Counsel seeks $24,409.68, representing 25% of the past due award amount, to satisfy the contingent fee agreement. [Pl.'s Br. at 7–8.] The Commissioner of Social Security does not oppose the motion [Docket No. 23].

For the reasons set forth below, the Court will **GRANT** the fee application.

## I.   STANDARD OF REVIEW

The Act allows an attorney to have a contingent-fee arrangement with a social security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining that the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). Pursuant to Section 406(b), contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

2

While Congress allows contingent-fee arrangements in the social security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In doing so, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA [Equal Access to Justice Act] fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). And courts must never forget "'the primacy of lawful attorney-client fee agreements.'" *Acosta v. Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is

3

responsible for delay." *Gisbrecht*, 535 U.S. at 808.  Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.*  Said another way, courts will reduce a fee award to prevent windfalls to attorneys. *Id.*  In evaluating fee applications, courts have struggled to determine what constitutes a windfall to attorneys. *See generally Arnold v. O'Malley*, 106 F.4th 595, 600–01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853–54.  The windfall analysis is not "a way of reintroducing the lodestar method" to determine whether a fee under Section 406(b) is reasonable because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854.  Finally, if the attorney has received a fee award under the EAJA, the attorney must refund that award to the social security claimant. *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original, citation omitted)).

## II.   DISCUSSION

Having considered the relevant factors, the Court finds the $24,409.68 requested fee to be reasonable.  *First*, as attested to in her declaration, Counsel is highly experienced in handling social security matters, having represented social security claimants for roughly thirty-five years.  [Jarvis Decl. ¶¶ 4–7 (Docket No. 21-3).]

Her colleague who assisted in the matter, Eric Schnaufer, Esq., likewise has decades of experience litigating social security matters.  [*See* Schnaufer Decl. ¶ 2 (Docket No. 21-4).]

*Second*, Counsel's imputed effective hourly rate and how long she worked on the appeal were reasonable, especially in light of the favorable result reached on behalf of her client.  [*See generally* Pl.'s Appeal Br. (Docket No. 12); Remand Order (Docket No. 17 (vacating decision of administrative law judge and remanding for further proceedings).]  Counsel represents that she and her colleague worked 4.4 and 26.2 hours, respectively, on Plaintiff's social security appeal in federal court, for a total of 30.6 hours.[2]  [Jarvis Decl. ¶ 18; Schnaufer Decl. ¶ 6.]

Based on the $24,409.68 in fees sought, this results in an imputed effective hourly rate of roughly $797.70.  While higher than the rate defended in Plaintiff's papers, the Court does not find that this results in a windfall to Counsel.  The Court notes that "the nature and length of the professional relationship with the claimant" support the award.  *See Fields*, 24 F.4th at 855.  Counsel has represented Plaintiff since 2020 and secured her a favorable outcome in late 2025.  And it appears the case was complex with multiple levels of appeal at the agency level.  In light of these factors,

---

[2]     Counsel states in her moving papers that she and her colleague worked a collective 36.3 hours, representing 4.4 hours worked by Counsel and 31.9 hours worked by Mr. Schnaufer.  [Pl.'s Br. at 9.]  This, however, is not reflected in the attached declarations or time records.  The Court assumes the hours listed in the brief reflect a typographical error.

the Court does not find a "downward adjustment" to be appropriate as the fee requested is not "large in comparison to the amount of time counsel spent on the case." *See Gisbrecht*, 535 U.S. at 808.

The requested amount is also reasonable when considering the fee amounts approved by other courts in this Judicial District. *See, e.g.*, *Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768, at *1–2 (D.N.J. Feb. 6, 2024) (approving imputed hourly rate of $1,056.34); *Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349, at *2 n.3 (D.N.J. Dec. 19, 2017) (approving imputed hourly rate of $992.82). Neither Counsel nor Mr. Schnaufer have a standard non-contingent rate for social security claimants, since it is unlawful under the Act to charge such a fee in this context. [Jarvis Decl. ¶ 11; Schnaufer Decl. ¶ 3.] Nonetheless, given their years of experience, Counsel and Mr. Schnaufer estimate that the non-contingent value of each of their respective litigation services is approximately $525 and $485 per hour. [Jarvis Decl. ¶ 12; Schnaufer Decl. ¶ 4.] The imputed hourly rates requested are well under twice these non-contingent rates. Courts in this Judicial District routinely approve imputed hourly rates of roughly twice the non-contingent standard rate. *See, e.g.*, *Wells*, 2024 WL 447768, at *2 (approving imputed rate that was "not substantially greater than double [counsel's] non-contingent hourly rate"); *Rossi v. Comm'r of Soc. Sec.*, 2023 WL 6533488, at *2 n.1 (D.N.J. Oct. 6, 2023) (awarding fees at hourly rate of $950, "which is slightly higher than twice" counsel's standard rate); *see also Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) ("a hypothetical hourly

rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.").

*Third*, there was a genuine and high risk of non-recovery in this case absent Counsel's work in securing a favorable result for her client. Indeed, Plaintiff had previously been denied benefits initially and at several administrative levels of appeal before securing a favorable result in federal court. [Pl.'s Br. at 1–2.] And only about 35% of plaintiffs who initiated civil actions in or around 2020 ultimately obtained benefits. *See* Social Security Administration, Fiscal Year 2020 Workload Data: Disability Decision at p. 165 (March 5, 2021), *available at:* https://www.ssa.gov/budget/assets/materials/2022/2022LAE.pdf. Plaintiff's recovery was clearly far from certain. *See Todd C. v. Comm'r of Soc. Sec.*, 2025 WL 73346, at *3 (D.N.J. Jan. 10, 2025)

*Finally*, although the rate requested in the instant matter is higher than that requested by Plaintiff pursuant to the EAJA [*see* Consent Order (Docket No. 19) (approving stipulation for payment of fees and costs pursuant to the EAJA at imputed hourly rate of roughly $235.29)], the Court finds that this does not outweigh the previous factors. *Leak*, 2017 WL 5513191, at *2. Counsel has represented Plaintiff since 2020, after Plaintiff had received unfavorable outcomes at various administrative stages, and ultimately secured her a favorable outcome in federal court and on remand. While the time between Plaintiff's initial application and the favorable resolution was

lengthy, there is nothing to suggest that Counsel was in any way responsible for that delay. The Court sees no reason to reduce the fee award due to delay or concerns of a windfall.

Thus, given Counsel's background and experience, the standard market hourly rate of an attorney with Counsel's experience, how long Counsel spent on this matter, the complexity of the matter, the extensive administrative proceedings, and the significant risk of non-recovery, the Court finds that the $24,409.68 requested fee is reasonable.

## III.   CONCLUSION

For the above reasons, and for good cause shown,

**IT IS HEREBY**, on this **18th** day of **May 2026**:

**ORDERED** that Plaintiff's Motion for Attorney's Fees under Section 406(b) of the Social Security Act [Docket No. 20] is **GRANTED**; and it is further

**ORDERED** that Counsel shall remit to Plaintiff Kimberly T. any amount she received in EAJA fees by this Court's previous award [Docket No. 19]; and it is finally

**ORDERED** that Counsel shall be awarded $24,409.68 in attorney's fees from Plaintiff Kimberly T.'s past due disability benefits award.

/s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

8